## Dora Kauffmann, Administratrix, Appellee, v. H. W. Johns-Manville Company, Appellants.

### Gen. No. 14,999.

1. EVIDENCE—*right of party to contradict witness.* A party cannot impeach a witness whom he has called, but he may show that his testimony should be disregarded because of its having been contradicted.

2. MASTER AND SERVANT—*what bars recovery at law.* If before a servant undertakes work, he is shown and warned against a particular danger and notwithstanding incurs it and in consequence is injured, he cannot recover.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed with finding of facts. Opinion filed June 28, 1910. Rehearing denied July 12, 1910.

H. B. BALE and MORSE IVES, for appellant.

LEOPOLD SALTIEL, for appellee.

MR. JUSTICE MACK delivered the opinion of the court.

John Kauffmann was killed by an accumulator carrying a weight of 40 tons descending upon him in an elevator shaft in which he was working for defendant. The shaft was four feet square, the accumulator three feet square. The accumulator reached the base only when all the elevators whose running was regulated by it were in use. The space on three sides of the accumulator weight, between it and the walls of the shaft, was at the most a foot. On the south side, there was a space of about fourteen to sixteen inches between the weight when it was down and two valves, and several feet of open space south of the valves—the shaft being open on this side except for the guides.

The body was found crushed under the accumulator. Kauffmann's duty was to guide certain ropes that hung in

the shaft so as to keep them from getting tangled.    These ropes regulated a block and tackle in the shaft.

Appellant claims that Kauffmann was specifically ordered not to stand in the shaft, but to remain in the space on the south outside of the shaft, where he was standing eight minutes before the accident.

Appellee admits that "if Kauffmann had received the instructions that the defendant claims he had and thereupon disobeyed the commands and instructions of his superiors, the plaintiff in this case would have to fail and no recovery could be had."

Lager, his immediate superior, was called by plaintiff to prove that he was not a fellow servant but a vice principal. On cross examination he testified that when his foreman helped him to rig up he told him to be very careful in the shaft and to see that everybody else was careful not to get the lines tangled up in that accumulator or get near it; that Kauffmann was present at that conversation.    A motion by plaintiff to strike out this statement was overruled.    Later in the course of the cross examination he testified *without objection* or motion to strike as follows:

"The Court:    Q. Have you stated all you said to him before you went up?    A. I showed him the accumulator, and not to go in there whatsoever, and stay in between the two valves; I asked if he understood it thoroughly, and he said 'yes.' "

On redirect he further testified:

"Q. What were the exact words you used to Mr. Kauffmann at the time you placed him to work?    A. The exact words I told him:    'John, you stand in there now, and I am going up-stairs,' and I told him the signals; that is all, and I says: 'Don't go in there where that accumulator is, do you understand me?'    He says 'Yes.'

Q. Did you tell him the accumulator was moving up and down?    A. Yes, I did, and he seen it.

"The rope that Kauffmann was to guide was hanging on the inside of the shaft, on the east side of the court.    It was

about two feet from the edge of the wall and up against the east wall."

There was no testimony offered in contradiction of this, and if it be true plaintiff, it is conceded, cannot recover.

Appellee argues that as she was compelled in the nature of things to call Lager to prove that he was a superior she should not be bound by his testimony. While counsel states that this was brought out on cross examination over his strenuous objection and that it was improper cross examination, we cannot find anything in the record to justify this statement. In any event, it is conceded that the evidence would have been admissible if Lager had been called as a witness by defendant. Lager, moreover, is in no manner impeached. Her credibility could not have been attacked by plaintiff. She may, however, contend that his statement is contradicted by other evidence and that therefore the jury was justified in disregarding it. The only basis, however, for such a contention is that, under all of the facts in the case, to believe him "would be doing violence to common sense. They would have to believe that Kauffmann was insane or bent upon committing suicide if, with all the warning that he allegedly had received, he comfortably seated himself under a weight of 80,000 pounds, which may at any time descend upon him and crush him."

If insanity or suicidal intent were the sole explanation of his act, in case he had been warned, this argument might be valid. But we cannot so interpret the evidence. The accumulator moved slowly. It came down as the car dropped, how far down depended upon how many of the six cars were moving in the shaft. Sometimes it came to the bottom; sometimes only half down. It was evidently easier to keep the ropes untangled by standing or sitting in the shaft than outside of it. Plaintiff herself urges this on the assumption that he was not warned, in answer to the charge of contributory negligence. The deceased, despite the warning, might well have calculated that he could get out in time in case the accumulator weight began to descend. The jury was therefore not justified in disregarding the clear, uncontra-

dicted testimony of a thoroughly credible witness who moreover was not even in the employ of defendant at the time of the trial.

In view of our conclusions, which require reversal with a finding of facts, it is unnecessary to comment upon the other serious errors shown by this record.

*Reversed with finding of facts.*